# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

McAFEE, LLC,

    *Plaintiff*,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES and KATHY BARAN, Director, USCIS California Service Center,

    *Defendants.*

No. 19-cv-2981 (DLF)

## MEMORANDUM OPINION

McAfee asks this Court to overturn a United States Citizenship and Immigration Services (USCIS) decision rejecting McAfee's H-1B visa request. McAfee alleges that the decision violated the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause. Before the Court is the government's motion to transfer under 28 U.S.C. § 1404 either to the Central District of California or to the Northern District of California. *See* Gov't's Mot., Dkt. 7. Because McAfee could and should have brought the case in the Central District of California, the Court will grant the motion and transfer the case.

## I. LEGAL STANDARDS

A § 1404 motion to transfer poses two questions: Could the plaintiff have sued in the transferee court? And if so, should it have? *See Gyau v. Sessions*, No. 18-cv-0407, 2018 WL 4964502, at *1 (D.D.C. Oct. 15, 2018). If the Court answers "yes" to both, transfer is proper.

The *could* question "turns on the general venue statute, 28 U.S.C. § 1391." *Id.* This statute provides that cases like this one—"a suit against a United States officer or employee"—

"can be brought in any district where a defendant resides, where the underlying claim arose, or—if no real property is involved—where the plaintiff resides." *Id.*

The *should* question turns on a prudential balance of "public and private interests." *Id.* "The public interests include the transferee court's familiarity with the governing laws, each court's relative congestion, and the local interest in resolving the controversy." *Id.* "The private interests include the plaintiff's preferred forum, the defendant's preferred forum, where the claim arose, and the convenience to the parties, to the witnesses, and to the evidence." *Id.*

## II. ANALYSIS

The parties agree that McAfee could have brought the suit in the Central District of California because that is both "where a defendant resides" and "where the underlying claim arose." Kathy Baran "resides" in the Central District because she performs her official duties at the USCIS California Service Center in Laguna Niguel, California, which falls within the Central District. *See id.* (explaining that for venue purposes federal employees reside wherever they perform their official duties) (citing *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978)). And in APA cases like this one, the underlying claim typically arises "where the decisionmaking process occurred." *Id.* at *2. Once again, that is the Central District of California, where the USCIS California Service Center processed and denied McAfee's request.

The question is whether this case should be brought here. To answer this question, the Court must weigh the public and private interests.

Looking first at the public interests, two are neutral and one favors transfer. The first public interest—the transferee court's familiarity with the governing laws—is neutral. Federal law governs this case, and as federal courts, both this district and the Central District of California are "equally familiar" with applying it. *Id.* (quoting *Al-Ahmed v. Chertoff*, 564 F.

Supp. 2d 16, 20 (D.D.C. 2008)).  The second public interest—each court's relative congestion and caseload—is also neutral.  Although this district has "much longer wait times" than the Central District of California for cases that reach later litigation stages, Pl.'s Br. 14, Dkt. 9, this district's processing time for cases resolved short of trial or without court action is only "slightly longer" than the Central District of California's, and this district's overall case load is significantly lower than the Central District of California's.  *See* Federal Court Management Statistics, U.S. District Courts, June 30, 2019, *available at* https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2019.  The third public interest—the local interest in resolving the controversy—favors transfer because "courts have 'a local interest in having localized controversies decided at home," including even "controversies requiring judicial review of an administrative decision."  *Gyau*, 2018 WL 4964502, at *2 (internal quotations omitted).  And this controversy centers almost entirely on events that happened in the Central District of California.

Turning next to the private interests, all but one favor transfer.  The defendant prefers the Central District of California to this district.  As discussed, the claims arose primarily in the Central District.  For that reason, the Central District likely will be more convenient for potential witnesses and evidence.  And the Central District is more convenient for the parties because the government employees who processed the visa application reside there and McAfee has headquarters in California.  While McAfee prefers the District of Columbia, and a plaintiff's preference is often dispositive, *see, e.g.*, *Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000), courts give "diminished consideration" to a plaintiff's preference when the "forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter," *id.*  This district has neither meaningful ties to nor a particular interest in a

3

California company's challenge to a California Service Center's decision to deny a particular H-1B visa for a California employee. The plaintiff's preference thus receives no special deference and is instead the lone private interest that cuts against transfer.

With just one interest tilting toward the District of Columbia, two being neutral, and all the rest tilting toward the Central District of California, the prudential balance favors transfer. McAfee could and should have brought this case there. This decision also heeds "the Court of Appeals's command to 'guard against the danger that a plaintiff might name high government officials as defendants to bring a suit here that properly should be pursued elsewhere.'" *Gyau*, 2018 WL 4964502, at *1 (quoting *Cameron v. Thornburgh*, 983 F.2d 243, 256 (D.C. Cir. 1993)).

## CONCLUSION

For these reasons, the Court grants the government's motion and transfers this case to the Central District of California. A separate order accompanies this memorandum opinion.

November 15, 2019

_____
DABNEY L. FRIEDRICH
United States District Judge